The order below is hereby signed.

Signed: November 04, 2010.



_____
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

In re                              )
                                   )
WILLIAM R.  WEBSTER,               )   Case No. 09-00462
                                   )   (Chapter 7)
            Debtor.                )   Not for Publication in
                                   )   West's Bankruptcy Reporter

MEMORANDUM DECISION AND ORDER DISPOSING OF MOTION OF LEVEL
IV CONDOMINIUM, LLC, ET AL., FOR RELIEF FROM AUTOMATIC STAY
SO AS TO PERMIT PROSECUTION OF CIVIL ACTION NUMBER 004723-10

Level IV Condominium, LLC (on its own behalf and on behalf of others identified as only "et al.") has filed a motion for relief from the automatic stay in order to proceed with a civil action against the debtor pending in the Superior Court of the District of Columbia.  The debtor reportedly filed a suggestion of bankruptcy in the Superior Court which led to the Superior Court's declining to proceed with the civil action until the bankruptcy court clarified whether the Superior Court was stayed from proceeding.

The Automatic Stay Was Already Terminated as to the Civil Action.  The debtor received a discharge in this bankruptcy case on September 4, 2009.  That terminated the automatic stay (except

with respect to the stay of an act against property of the estate). 11 U.S.C. § 362(c)(1) and (2). Accordingly, as acknowledged by the debtor's counsel at the hearing on the motion, the automatic stay does not bar the proceeding in the Superior Court of the District of Columbia. The issue instead is the effect of the discharge on the ability of the Superior Court to hear Level IV's claims.

The Discharge Injunction Applies Unless the Debt Was Not Discharged. The debtor's discharge gives rise to an injunction "against the commencement or continuation of an action, the employment process, or an act, to collect, recover or upset any [discharged] debt as a personal liability of the debtor . . . ." 11 U.S.C. § 524(a)(2).

Level IV is Not Time-Barred From Pursuing the Issues of Whether its Claims Are Excepted From Discharge Under § 523(a)(3) or (19). Level IV contends, however, that its claims against the debtor are nondischargeable under 11 U.S.C. § 523(a)(2), (3), (4), and (19). Under 11 U.S.C. § 523(c)(1):

> Except as provided in subsection (a)(3)(B) of this section, the debtor shall be discharged from a debt of a kind specified in paragraph (2), (4), or (6) of subsection (a) of this section, unless, on request of the creditor to whom such debt is owed, and after notice and a hearing, the court determines such a debt to be excepted from discharge under paragraph (2), (4), or (6), as the case may be, of subsection (a) of this section.

Section 523(a)(3) provides that a debtor's discharge under

2

section 727 does not discharge the debtor from any debt:

> (3) neither listed nor scheduled under section 521(1) of this title, with the name, if known to the debtor, of the creditor to whom such debt is owed, in time to permit--
>> (A) if such debt is not of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim, unless such creditor had notice or actual knowledge of the case in time for such timely filing; or
>> (B) if such debt is of a kind specified in paragraph (2), (4), or (6) of this subsection, timely filing of a proof of claim and timely request for a determination of dischargeability of such debt under one of such paragraphs, unless such creditor had notice or actual knowledge of the case in time for such timely filing and request[.]

In turn, Fed. R. Bankr. P. 4007 sets a bar date for filing a complaint for the court to determine the dischargeability of a debt under § 523(c).

There is no bar date under Fed. R. Bankr. P. 4007 with respect to pursuing a complaint to determine the dischargeability of a debt under § 523(a)(3).[1]  The debtor concedes that Level IV was not listed or scheduled.  Level IV contends that it did not

---

[1] Without deciding the issue, it appears that Level IV cannot successfully resort to § 523(a)(3)(A): based on representations made at the hearing (if accurate), Level IV still can file a proof of claim in this case and share in distributions under 11 U.S.C. § 726(a)(2) despite the claim being tardy (thus foreclosing resort to § 523(a)(3)(A) as a ground of nondischargeability).  The same is not true of § 523(a)(3)(B): filing a complaint under § 523(c) *is* time-barred, and, accordingly, Level IV can resort to § 523(a)(3)(B) as a ground for asserting nondischargeability if it can prove the elements of that exception to discharge.

3

have notice or actual knowledge of the case in time for timely filing of a complaint under § 523(c). If that is true, its claim fits within the exception to discharge set forth in § 523(a)(3)(B) if it can demonstrate that its claim is of a kind set forth in § 523(a)(2) or (4).

Similarly, there is no bar date under Fed. R. Bankr. P. 4007 with respect to pursuing a complaint to determine the dischargeability of a debt under § 523(a)(19).

The Superior Court Can Determine Whether § 523(a)(3) or § 523(a)(19) Applies. Nothing in the Bankruptcy Code bars the Superior Court from deciding Level IV's claim that the debts owed it are unaffected by the debtor's discharge by reason of § 523(a)(3) or § 523(a)(19) (or by both of those provisions). State and federal courts have concurrent jurisdiction over actions brought under § 523(a)(3) and § 523(a)(19). *Fidelity Nat'l Title Ins. Co. v. Franklin (In re Franklin)*, 179 B.R. 913, 924, 926 (Bankr. E.D. Cal. 1995). *See also In re Strano*, 248 B.R. 493, 501-502 (Bankr. D.N.J. 2000); *Menk v. LaPaglia (In re Menk)*, 241 B.R. 896, 904 (B.A.P. 9th Cir. 1999). *But see In re Padilla*, 84 B.R. 194 (Bankr. D. Colo. 1987). Accordingly, Level IV can sue on its claim in the Superior Court, and the § 523(a)(3) and § 523(a)(19) issues can be addressed when the debtor raises his discharge as an affirmative defense. *In re Strano*, 248 B.R. at 503.

4

In light of the foregoing, it is

ORDERED that Level IV's motion is treated as one for a determination whether the Superior Court may proceed to hear the pending civil action.  It is further

ORDERED that the Superior Court has jurisdiction to hear the pending civil action, including the debtor's defense that the discharge injunction applies, and Level IV's contention that the debt is excepted from discharge by 11 U.S.C. § 523(a)(3) or § 523(a)(19) (or by both of those provisions).  It is further

ORDERED that this order does not address and does not preclude any right the debtor may have to raise the issues of dischargeability by a proceeding in this court or to seek removal of the civil action to this court.

                              [Signed and dated above.]

Copies to: Debtor's counsel; Andrew M. Sowell, Esq.